Form G-3 (20240417)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: PETER JOON HUH ) Chapter 7
 )
 ) No. 24-11575
 )
 Debtor(s) ) Judge Donald R. Cassling

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on November 22, 2024, at 10:30 a.m., I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, **either** in courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the motion of the Debtor [to/for] Avoid Lien, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 817 7512, and the passcode is 623389. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: Ben Schneider

# CERTIFICATE OF SERVICE

I, _Ben Schneider_____,

☒ an attorney, certify

      - or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on _November 1, 2024_____, at __5:00___ p.m.  *

                              _Ben Schneider_____
                              [Signature]

*All applicable boxes must be checked and all blanks filled in.

# SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants (ECF):**

- Adam Brief, US Trustee

- Ilene F Goldstein, Trustee

- American Express National Bank

- Edina Kim

- Nancy Ruonan Snow

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re the Chapter 7 of )
)
PETER JOON HUH ) Case No. 24-11575
)
       Debtor. )

## **MOTION TO AVOID LIEN**

Now comes the Debtor, PETER JOON HUH, by and through his Attorneys, SCHNEIDER & STONE, ("Attorney"), and files this motion pursuant to 11 U.S. Code § 522 (f)(1)(A) and states as follows:

1. This Motion arises under 11 U.S.C. 522 (f)(1).

2. On August 8, 2024, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. As part of that case filing, the Debtor disclosed the following:

    a. Schedule A/B - real estate commonly known as 2020 Old Hicks Rd., Unit 2A, Palatine, IL 60074, PIN 02-02-205-015-1021, (the "Property"), valued at $178,000. (See Schedule A/B attached as Exhibit 1);

    b. Schedule C – Wildcard exemptions totaling $2,215.88. (See Schedule C attached as Exhibit 2);

    c. Schedule D – the secured claim of Truist Bank in the amount of $134,894, which is a lien against the Property (See Schedule D attached as Exhibit 3);

    d. Schedule D - a judgment lien owed to Nancy Snow in the amount of $346,151.62. (See Schedule D attached as Exhibit 3).

3. Since the debt to Nancy Snow was the result of a civil judgment, it is eligible to be avoided in the Chapter 7 case.

## LEGAL STANDARD

4. 11 U.S.C § 522 (f)(1)(A) states as follows:

    (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);[]

5. 11 U.S.C. 523(a)(5) carves out an exception to discharge for a domestic support obligation.

## ARGUMENT

6. In this case, the Debtor is seeking to avoid the lien of Nancy Snow. The underlying debt is the result of a civil judgment against the Debtor and not a judgment for a domestic support obligation (See Judgment attached as Exhibit 4).

7. Had the judicial lien not attached to the Property, after considering the first mortgage lien of Truist Bank, there would have been equity in the amount of $43,106. Of that $43,106, half, ($21,553), would have been property of the Debtor since he was one of two title holders. (See Property Deed attached as Exhibit 5).

8. Had the judicial lien not attached to the Property, the Debtor would have been entitled to claim the remainder of his Wildcard Exemption totaling $1,784.12 of his interest in the Property as exempt under subsection (b). The lien of Nancy Snow makes it impossible for the Debtor to make his claim of exemption for his interest in the Property. The

judgment lien of Nancy Snow is an impairment to the exemption the Debtor is entitled to claim and may be avoided.

WHEREFORE, the Debtor, PETER JOON HUH, asks this Court for the following relief:

A. An order avoiding the judicial lien held by Nancy Snow on the property located at 2020 Old Hicks Rd., Unit 2A, Palatine, IL 60074, PIN 02-02-205-015-1021;

B. An Order for such other and further relief as the Court may deem just and proper.

Respectfully Submitted<br>
PETER JOON HUH

/s/Ben Schneider<br>
One of his Attorneys

Ben Schneider (ARDC # 6295667)
**SCHNEIDER & STONE**
8424 Skokie Blvd., Suite 200
Skokie, IL 60077
Office: 847-933-0300
ben@windycitylawgroup.com